996 F.2d 1230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard WELLS and Terry Landau-Wells, Plaintiffs-Appellants,
v.
CIGNA INSURANCE COMPANY OF NORTH AMERICA, Defendants-Appellees.
 No. 91-56374.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1993.
Decided June 24, 1993.
 
 Before FARRIS, NORRIS and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Wellses appeal the district court's declaratory judgment that their Insurance Company of North America ("INA") homeowner's policy did not create a duty to defend or indemnify in the underlying action. The underlying action emanated from the Wellses' demand for demolition and actual demolition of certain improvements that Brown, a neighbor, had made to a lot recently purchased by the Wellses. We affirm the judgment of the district court.
 
 
 3
 I. Duty to Indemnify.
 
 
 4
 The district court held that INA had no duty to indemnify the Wellses on the ground that the acts which caused the alleged harm were fully intentional and therefore did not constitute an "occurrence." This finding is supported by the parties' stipulation as to cause of damages. INA and the Wellses stipulated that all of the damages sought in the Brown action allegedly resulted from:
 
 
 5
 (a) duress caused by, and threats made by, the Wellses in connection with their demand that Mr. Brown remove the improvements on Lot 5; (b) the removal by the Wellses of improvements on Lot 5; and/or (c) the Wellses' alleged trespass upon and interference with Mr. Brown's alleged easement right in the Lot 5.
 
 
 6
 There has been no suggestion that the Wellses unintentionally walked upon the disputed property, unintentionally demanded that Brown remove the improvements, or unintentionally removed the improvements themselves. The district court correctly concluded that the conduct which allegedly damaged Brown was fully intentional.
 
 
 7
 The Wellses' homeowner's policy covers damages caused by an "occurrence," which term is defined as an "accident." Under California law, intentional conduct does not constitute an "occurrence." See Chamberlain v. Allstate, 931 F.2d 1361, 1364-65 (9th Cir.1991). This is true regardless of whether the actor realizes that his or her conduct will transgress another's legal rights. See id.; Lipson v. Jordache Enterprises, Inc., 9 Cal.App. 4th 151, 159 (1992) (mistaken termination of employee did not constitute an "occurrence" because the act of termination was fully intentional); Loyola Marymount University v. Hartford Accident & Indemnity Co., 219 Cal.App.3d 1217, 1224-25 (1990) (insurance for "occurrence[s]" did not cover suits based on intentionally-adopted employment policy even where suit was based on policy's unintended "disparate impact"); Dyer v. Northbrook Property & Cas. Ins., 210 Cal.App.3d 1540, 1548 (1989) (emotional distress unintentionally inflicted by a firing is not an "occurrence").
 
 
 8
 The Wellses argue that the district court's interpretation of the term "occurrence" is unacceptable because it moots the policy's intentional loss exclusion. Unfortunately for the Wellses, this argument was rejected in Merced Mut. Ins. Co. v. Mendez, 213 Cal.App.3d 41, 51 (1989). The Wellses have not provided us with a persuasive basis for distinguishing Mendez.[1] Accordingly, we agree with the district court that INA owed no duty of indemnification to the Wellses.
 
 
 9
 II. Duty to Defend.
 
 
 10
 The Wellses maintain that a duty to defend exists even if none of Brown's claims is potentially indemnifiable under the policy. A duty to defend exists if the claim brought against the insured raises the potential for covered losses or if ambiguous language leads the insured reasonably to expect that a defense will be provided. Chamberlain, 931 F.2d at 1364.
 
 
 11
 The Wellses argue that the policy's promise to defend is not contingent upon the existence of a potential duty to indemnify. The policy pledges a defense in "any claim or suit for damages because of covered bodily injury or property damage." The Wellses point out that "occurrence" does not appear in the defense provision. The answer is that it is incorporated by the use of the word "covered." The word "covered" plainly refers to damages covered by the policy as a whole--damages for which a duty of indemnification exists.
 
 
 12
 The Wellses respond that "covered" does not mean covered by the insurance policy as a whole, but merely refers to the type of bodily injury or property damage covered by the policy. In an attempt to avoid mooting the word "covered," the Wellses argue that the significance of the term resides in its incorporation of specific exclusions of certain types of property damage, e.g., the exclusions for animals and motorized land vehicles. We reject the argument. It makes no sense to maintain that the term "covered" incorporates specific exclusions but does not incorporate the basic limits of policy coverage.
 
 
 13
 Because the defense clause unambiguously incorporates the basic limits of policy coverage, and because Brown's suit presented no potential duty of indemnification, the Wellses had no reasonable expectation of a defense.
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Moreover, the Wellses do not supply a reasonable alternative to the district court's definition of "occurrence." The Wellses argue that "occurrence" should be defined to include intentional acts that produce "unintended results" but to exclude "intended injury or damage." This definition still moots the intentional loss exclusion: even under the Wellses' definition, acts that produce intended injury or damage are not occurrences, thus, there is no need for a special clause excluding intentional losses